UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Stephen Michaels LLC,

    Plaintiff,

v.                                          Case No. 11-10678

                                                  Honorable Sean F. Cox

American Suzuki Motor Corporation,

    Defendant.

_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

This case involves a dispute between the parties to an automotive dealer agreement. On June 23, 2005, Plaintiff and Defendant entered into a dealer agreement that is governed by the Michigan Dealer Act, M.C.L. § 445.1561 *et seq*. After Defendant notified Plaintiff that it was terminating that dealer agreement, Plaintiff filed this action. Plaintiff's Complaint asks this Court to determine the parties's contractual rights, award it damages and attorney fees, and issue an injunction preventing Defendant from terminating the dealer agreement. Defendant has since asserted a breach of contract counterclaim, alleging that Plaintiff has breached several sections of the agreement, thereby allowing Defendant to terminate the agreement, and that Plaintiff has failed to de-brand following notice of termination.

Following the close of discovery, Defendant filed a Motion for Summary Judgment. In an Opinion and Order issued on December 19, 2011 (Docket Entry No. 53), this Court granted that motion in part and denied it in part. Because Plaintiff failed to provide any Rule 26 disclosures regarding damages, the Court struck an affidavit from Michael Cizmar, which was the only evidence of Plaintiff's alleged damages that was submitted in response to Defendant's

Motion for Summary Judgment.  The Court struck the Cizmar Affidavit, "pursuant to FED. R. CIV. P. 37(c)."  (*Id.* at 19).  Having struck the Cizmar Affidavit, the Court granted "summary judgment in favor of Defendant as to Plaintiff's claims for money damages.  *See Bessemer & Lake Erie Railroad Co. v. Seaway Marine Trans.*, 596 F.3d 357 (6th Cir. 2010)."  (*Id.* at 21-22).

On December 28, 2011, Plaintiff filed the instant Motion for Reconsideration.  (Docket Entry No. 57).  The Court finds that oral argument would not significantly aid the decisional process.  *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided upon the briefs.

Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Plaintiff's Motion for Reconsideration must be denied because Plaintiff has not demonstrated a palpable defect by which the Court and the parties have been misled.

Plaintiff's Motion for Reconsideration, Plaintiff asserts that "[p]alpable error was committed because this Court did not consider the four relevant factors (the *Regional Refuse* test) when deciding what sanction, if any, to apply in this case, as set forth by the Sixth Circuit.  See, Freeland v. Amigo, 13 F.3d 1271, 1277 (C.A. 6 1997); Peltz v. Moretti, 292 Fed Appx 475 (C.A. 6 2008)."  (Docket Entry No. 57).

This very same argument was made by the plaintiff in *Bessemer* and was rejected by the

United States Court of Appeals for the Sixth Circuit:

> [Plaintiff contends] that the district court used the wrong standard in evaluating whether discovery sanctions were appropriate. Rather than Rule 37(c)'s 'substantially justified or harmless' standard for determining whether to excuse inadequate disclosures, [Plaintiff] claims that the district court should have used a four-part test used to determine the appropriateness of dismissal as a discovery sanction under Rule 37(b). *See Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005) (to justify dismissal as a discovery sanction under Rule 37(b), courts should consider '(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered'). But that four-part test is 'an altogether different test' than the one for exclusion of the evidence under Rule 37(c), for which 'the test is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.' *Vance ex rel Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999) (rejecting a similar argument).

*Bessemer,* 596 F.3d at 370.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

                                    S/Sean F. Cox
                                    Sean F. Cox
                                    United States District Judge

Dated: January 4, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 4, 2012, by electronic and/or ordinary mail.

                                    S/Jennifer Hernandez
                                    Case Manager